IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **MORAN INDUSTRIES, INC.** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| v. | ) | No. | FILED JULY 1, 2008 |
| | ) | | 08CV3762 |
| **WARREN G. LENTS, JR.,** | ) | | JUDGE PALLMEYER |
| | ) | | MAGISTRATE JUDGE COX |
| **Defendant.** | ) | | TG |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Moran Industries, Inc. ("Moran"), by its attorneys, for its Complaint for Injunctive Relief and Damages against defendant Warren G. Lents, Jr., states as follows:

## NATURE OF THE CASE

1. This is an action for preliminary and permanent injunctive relief brought to enjoin defendant's misuse of certain proprietary Moran names and marks, violation of defendant's covenant against competition, and to recover damages sustained by Moran by reason of defendant's misconduct. Until his franchise agreement was terminated by Moran for cause based on defendant's failure to pay royalties owed to Moran, defendant was a Moran franchisee who operated an Alta Mere® Window Tinting & Auto Alarm store in Broken Arrow, Oklahoma. That franchise had been operated pursuant to a written franchise agreement granting defendant a limited license to use Moran's proprietary names and marks, including its federally-registered trademarks, in connection with his operation of his franchised Alta Mere® Window Tinting & Auto Alarm store. Notwithstanding the termination for cause of his franchise agreement, defendant has failed to live up to his post-termination obligations thereunder, including his

obligations to cease and desist from any and all use of Moran's names and marks, and his covenant not to compete. As a result of defendant's actions, Moran has been and, unless the injunctive relief sought herein issues, shall continue to be irreparably harmed by defendant's misconduct.

## PARTIES

2. Moran is an Illinois corporation with its principal place of business in Midlothian, Illinois. Moran is the franchisor of several famous automotive aftermarket and repair brands, including Mr. Transmission®, Milex®, and Alta Mere®.

3. Defendant Warren G. Lents, Jr. is a citizen and resident of Tulsa, Oklahoma, and a former Moran franchisee.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy. The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action between citizens of different States and wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and, in his franchise agreement with Moran, out of which this action arises, defendant expressly consented to venue in this judicial district.

**THE ALTA MERE MARKS**

6.  To identify the source, origin and sponsorship of its brand of window tinting and auto alarm products and services, and to distinguish those products and services from those established, made, offered and sold by others, Moran and its authorized franchisees have extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to the Alta Mere® mark, in connection with the operation of authorized Alta Mere window tinting and auto alarm stores.

7.  The Alta Mere® mark is registered on the Principal Register of the United States Patent and Trademark Office.  The registration of the Alta Mere® mark continues in full force and effect.

8.  Moran has given notice to the public of the registration of the Alta Mere® mark as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized licensees remain the exclusive users of the Alta Mere® mark.

9.  Moran and its authorized franchisees have continuously used the Alta Mere® mark in interstate commerce in connection with the promotion, sale and franchising of Alta Mere® shops and the promotion and sale of the window tinting and auto alarm products and services they offer throughout the United States, since the date of their registration.

10.  Pursuant to franchise agreements entered into by and between Moran and its authorized and approved franchisees, Moran grants franchises to qualified persons to own and operate Alta Mere® shops, together with a limited license to use the Alta Mere® mark in connection therewith, but only in such manner and at such locations as are expressly authorized by Moran in the franchise agreement.

11. Moran and its authorized franchisees have extensively advertised and promoted the Alta Mere® mark and the products and services they offer under the Alta Mere® mark throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products offered by Moran and its authorized franchisees under the Alta Mere® mark have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

## THE PARTIES' FRANCHISE AGREEMENT

On February 20, 2002, Moran and defendant entered into a written franchise agreement (the "Franchise Agreement"), pursuant to which Moran granted defendant a franchise to operate a Alta Mere® shop at a specified location, and licensed defendant's use of the Alta Mere® mark solely in connection therewith.

12. Under the franchise agreement, defendant agreed, among other things, to report to Moran his gross sales on a weekly basis, to pay Moran a weekly royalty in an amount equal to a specified percentage of his gross sales, to participate in Moran's national warranty program and to contribute to its advertising fund on a monthly basis.

13. The Franchise Agreement provides for termination for cause by Moran in the event defendant fails to pay amounts owed to Moran and fails to cure such default within 10 days of his receipt of written notice of such default.

14. Defendant agreed that, upon termination or expiration of the Franchise Agreement, he would, as is pertinent here, (i) cease to identify himself as a Moran franchisee, (ii) cease all use of the Alta Mere® mark, (iii) de-identify the former franchised premises, (iv) cease any use of and assign to Moran all telephone numbers associated with any of his former franchised Alta Mere® shop or the Alta Mere® mark.

15. Defendant further agreed that, upon termination or expiration of the Franchise Agreement, he would refrain from owning or operating a window tinting and auto alarm shop anywhere within 25 miles of site of his former franchised Alta Mere® shop for a period of 2 years.

16. Effective June 11, 2007, Moran terminated the Franchise Agreement for cause based on defendant's failure and refusal to pay to Moran amounts due and owing under the Franchise Agreement, and failure to cure such default within 10 days after having received from Moran a written notice of default.

17. Despite termination of the Franchise Agreement, defendant has failed and refused to perform his post-termination obligations under the Franchise Agreement.

18. In particular, defendant has failed, among other things, to completely de-identify his former franchised Alta Mere® shop, to authorize transfer to Moran of the telephone numbers formerly associated with his Alta Mere® shop to Moran, to pay Moran all amounts owed to it, or to live up to his post-termination non-competition covenant.

## COUNT I
## TRADEMARK INFRINGEMENT

19. Moran repeats and realleges ¶¶ 1 through 18 of its Complaint for Injunctive Relief and Damages as and for this ¶ 19, as if fully set forth herein.

20. Defendant's acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Alta Mere® mark, and are likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(l).

21. As a direct and proximate result of defendant's infringement, Moran has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

22. Moran has no adequate remedy at law because the Alta Mere® mark is unique and represents to the public Moran's identity, reputation, and goodwill, such that damages alone cannot fully compensate Moran for defendant's misconduct.

23. Unless enjoined by the Court, defendant will continue to use and infringe the Alta Mere® mark, to Moran's irreparable injury. This threat of future injury to Moran's business identity, goodwill, and reputation requires injunctive relief to prevent defendant's continued use of the Alta Mere® mark, and to ameliorate and mitigate Moran's injuries.

## COUNT II
## UNFAIR COMPETITION

24. Moran repeats and realleges ¶¶ 1 through 18 of its Complaint for Injunctive Relief and Damages as and for this ¶ 24, as if fully set forth herein.

25. Defendant's acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C § 1125(a).

26. As a direct and proximate result of defendant's unfair competition, Moran has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

27.     Moran has no adequate remedy at law because the Alta Mere® mark is unique and represents to the public Moran's identity, reputation, and goodwill, such that damages alone cannot fully compensate Moran for defendant's misconduct.

28.     Unless enjoined by the Court, defendant will continue to compete unfairly with Moran, to Moran's irreparable injury. This threat of future injury to Moran's business identity, goodwill, and reputation requires injunctive relief to prevent defendant's continued unfair competition, and to ameliorate and mitigate Moran's injuries.

## COUNT III
## INJUNCTIVE RELIEF

29.     Moran repeats and realleges ¶¶ 1 through 18 of its Complaint for Injunctive Relief and Damages as and for this ¶ 29, as if fully set forth herein.

30.     Defendant's failure to comply with his post-termination obligations, including his covenant against competition, constitutes a material breach of the Franchise Agreement.

31.     Moran has no adequate legal remedy for defendant's breach because its damages, including harm to its goodwill, are difficult to quantify, and therefore monetary damages alone cannot adequately, completely and fully compensate Moran for the harm caused by defendant's misconduct.

32.     Unless enjoined and ordered by the Court to perform his post-termination obligations under the Franchise Agreement, defendant's breach will continue to Moran's irreparable harm.

## COUNT IV
## BREACH OF CONTRACT

33.     Moran repeats and realleges ¶¶ 1 through 32 of its Complaint for Injunctive Relief and Damages as and for this ¶ 33, as if fully set forth herein.

34. Defendant's failure and refusal to provide Moran with weekly gross sales reports or to pay to Moran the weekly royalties and monthly advertising contributions specified in the Franchise Agreement constitute material breaches of the Franchise Agreement.

35. As a direct and proximate result of defendant's breaches and the resulting termination of the Franchise Agreement for cause, Moran has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Moran respectfully prays for the following relief against defendant:

A. A preliminary and permanent injunction enjoining defendant, his agents, servants and employees, and those people in active concert or participation with him from:

1. Using the Alta Mere® mark or any trademark, service mark, logo or trade name that is confusingly similar to the Alta Mere® mark;

2. Otherwise infringing the Alta Mere® mark or using any similar designation, alone or in combination with any other components;

3. Passing off any of products or services as those of Moran or Moran's authorized franchisees;

4. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of his business, products or services;

5. Causing a likelihood of confusion or misunderstanding as to his affiliation, connection or association with Moran and its franchisees or any of Moran's products or services; and

6. Unfairly competing with Moran or its franchisees, in any manner;

B. An order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendant, his agents, servants and employees, and those people in active concert or participation with him bearing the Alta Mere® mark, and all plates, molds, and other means of making the same, if any, be delivered to Moran at defendant's cost;

C. That defendant be required to promptly eliminate his advertising under the Alta Mere® mark or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory

assistance listings and mass mailings, and assign to Moran all telephone numbers used in connection with his former Alta Mere® franchise and advertised or listed in association with the Alta Mere® mark, all at defendant's cost;

      D.    That defendant be required to file with the Court and to serve upon Moran's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

      E.    That defendant account and pay over to Moran all gains, profits and advantages derived by him as a result of its infringement of the Alta Mere® mark and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and by the controlling principles of common law;

      F.    That defendant pay to Moran such damages as Moran has sustained by reason of said trademark infringement and unfair competition; and that, because of the willful nature of said infringement, the Court enter judgment for Moran for three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

      G.    Preliminary and permanent injunctive relief ordering defendant to comply strictly with his post-termination restrictive covenant;

      J.    Judgment in an amount to be determined at trial that will fully and adequately compensate Moran for defendant's breaches of the Franchise Agreement;

      K.    An award of costs and expenses, including reasonable attorneys' fees incurred by Moran in connection with this action as provided for by the Franchise Agreement and statute; and

      L.    Such other and further relief as the Court deems just and proper.

Dated: July 1, 2008

                                      Respectfully submitted,
                                      **MORAN INDUSTRIES, INC.,**

                                      By: /s/ Fredric A. Cohen
                                      Attorney for Plaintiff

Fredric A. Cohen (ARDC # 6198606)
**CHENG COHEN LLC**
1101 West Fulton Market, Suite 200
Chicago, Illinois 60607
P: (312) 243-1717
F: (312) 277-3961